**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4791**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMELL ANTHONY NUNN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:18-cr-00052-WO-3)

Submitted: September 26, 2019                    Decided: September 30, 2019

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Renorda Eulissa Pryor, HERRING LAW CENTER, PLLC, Durham, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamell Anthony Nunn pleaded guilty to attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (2012), attempted Hobbs Act robbery and two counts of Hobbs Act robbery, in violation of 18 U.S.C. 1951(a) (2012), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012). On appeal, Nunn's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Hobbs Act robbery, the predicate offense for his § 924(c) conviction, is a crime of violence. Nunn did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appeal waiver contained within Nunn's plea agreement.

We review de novo the validity of an appeal waiver. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). Where, as here, the Government seeks to enforce the appeal waiver and Nunn has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Nunn does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that the waiver is valid and enforceable. Moreover, Nunn's challenge to his § 924(c) conviction falls within the waiver's scope. Accordingly, we grant the Government's motion in part and dismiss this portion of the appeal.

In accordance with *Anders*, we have reviewed the record and have found no meritorious grounds for appeal that fall outside the scope of the waiver. We therefore

affirm the remainder of the district court's judgment. This court requires that counsel inform Nunn, in writing, of the right to petition the Supreme Court of the United States for further review. If Nunn requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nunn.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*